IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY KOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-2166-HLT-TJJ |
| | ) |
| CITIZENS MEDICAL CENTER, INC., | ) |
| DANIEL P. KUHLMAN, M.D., | ) |
| SAM R. FUNK, O.D., P.A., and | ) |
| SAM RODGER FUNK, O.D., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff filed this case on April 8, 2021, designating Kansas City, Kansas, as the place of trial. On May 10, 2023, Defendants filed a Joint Motion for Determination of Place of Trial (ECF No. 109). Defendants request that trial in this case be held in Wichita, Kansas, because Plaintiff does not reside in or live close to Kansas City and the "vast majority of witnesses in this case" would be inconvenienced by trial in Kansas City. Plaintiff argues trial should take place in Kansas City because it is not a substantially inconvenient place for trial. For the reasons explained below, Defendants' motion is denied.

**I.    Legal Standards**

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] Under this statute, "a district court may transfer any civil

---

[1] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*,

action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[2] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[3] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer.[4] The moving party bears the burden of proving that the existing forum is inconvenient.[5] Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[6] Each of the five enumerated factors is considered in turn below.

---

No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[2] 28 U.S.C. § 1404(a).

[3] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).

[4] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[5] *Id.*

[6] *Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, *3 (D. Kan. June 8, 2006); *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

## II.  Analysis

### A.  Plaintiff's Choice of Forum

Defendants argue the balance of the factors overrides Plaintiff's choice of Kansas City as the forum for trial. Specifically, Defendants note Plaintiff does not reside in or near Kansas City. Although plaintiff's choice of forum is entitled to great deference, such consideration is given less weight if the plaintiff's choice of forum is not his residence.[13] "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[14] Although the Court considers Plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so."[15] For these reasons, in its analysis the Court takes into account Plaintiff's Kansas City choice of forum but gives it little weight.

### B.  Convenience of the Witnesses

As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer.[16]

---

[13] *Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[14] *Spires*, 2006 WL 1642701, at *2 (citations omitted).

[15] *Id.,* at *3.

[16] *Id.* (citing *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001) ("Convenience of the non-party witnesses is the most important factor to be considered."); *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under

Ultimately, the Court will grant the transfer motion only if it finds Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient.[17] Defendants argue transferring the forum to Wichita would reduce the burden on all defendants, two treating physicians, two retained expert witnesses, and "multiple witnesses employed by [Defendant Citizens Medical Center, Inc. ('CMCI')]."[18] Plaintiff argues transferring the forum to Wichita would be substantially inconvenient for four Kansas City experts and only marginally more convenient for the remaining witnesses.[19]

As it stands, this case concerns Defendants' medical treatment of Plaintiff in Colby, Kansas. Colby is about 370 miles from Kansas City, Kansas, and 289 miles from Wichita. Defendants argue "multiple witnesses employed by CMCI" reside in Colby and holding trial in Kansas City would require the witnesses to travel an additional 81 miles each way. Further, Defendants have identified one treating physician, Dr. Brooke Nesmith, and two retained expert witnesses, Drs. Mark Rogers and Michele Riggins, who reside in Wichita. Defendants also identified Dr. Luther Fry, one of Plaintiff's primary treating providers who resides in Garden City,

---

§ 1404(a).").

[17] *Menefee*, 2009 WL 1313236, at *2.

[18] ECF No. 109, at 4.

[19] Plaintiff also argues Wichita is substantially more inconvenient for six out-of-state witnesses because the Kansas City airport is larger than the Wichita airport with more flight availability. However, this court "has refused to designate Kansas City as the place of trial over Wichita based on the size of the Kansas City International Airport because Wichita also 'has a sizeable airport with national airlines.'" *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022) (quoting *Callahan v. Bledsoe*, No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *3 (D. Kan. Apr. 6, 2017)). Therefore, the Court concludes for the six out-of-state witnesses, attending trial at either location would be equally inconvenient.

which is 175 miles closer to Wichita than Kansas City. Conversely, Plaintiff identifies four of his own expert witnesses, Dr. Allin, John Ward, Will Rogers, and Tracy Wingate, who live and work in the Kansas City, Kansas metropolitan area. At either location, some witnesses will have to spend the night if their testimony does not begin or is not completed at the close of the day.

This Court has repeatedly found the location of expert witnesses to be insignificant when weighing the convenience and availability of witnesses.[20] Witnesses who are paid for their time and specifically agreed to be retained and participate in the case are less of a concern than witnesses who did not have a choice in the matter. Here, the only non-retained witnesses listed by the parties are Dr. Brooke Nesmith (Wichita), Dr. Luther Fry (Garden City), and "multiple witnesses employed by CMCI" (Colby).

Defendants cite for support *Escalante v. Williams*, where this Court found the convenience of witnesses factor strongly favored transferring the case from Kansas City to Wichita. But, *Escalante* is materially different from this case. In *Escalante,* the court found all or a substantial majority of the non-party fact witnesses identified by the defendant were in Dodge City, including more than ten Dodge City physicians, nurses, and therapists, plus two physicians from Wichita. In contrast, in this case, there are only two identified non-retained witnesses.[21] So the number of identified non-retained witnesses who would have to travel to Kansas City for trial in this case is less than one third the number who would have been required to do so in *Escalante*. More importantly, in *Escalante*, the "more than ten" Dodge City witnesses would have had to travel

---

[20] *See Walker*, 2022 WL 1081188, at *3; *Escalante*, 2018 WL 4341268, at *2 n.4.

[21] Defendants also reference an unspecified number of unidentified CMCI employee witnesses. Such vague reference is not compelling and differs significantly from the more than ten physicians, nurses, and therapists identified by the *Escalante* defendants.

more than twice as far each way to/from Kansas City as they would to/from Wichita (330 miles Dodge City to Kansas City versus 150 miles Dodge City to Wichita). [23] Here, any witnesses traveling from/to Colby will only have to travel 81 miles further (approximately 1 to 1.5 hours) each way to/from Kansas City than they would to/from Wichita (370 miles Colby to Kansas City versus 289 miles Colby to Wichita). Only two witnesses in this case, Drs. Nesmith and Fry, will have travel differences from their homes to Kansas City versus to Wichita compared to the more than ten witnesses in *Escalante*. Dr. Nesmith will travel either zero hours (to Wichita) or nearly three hours (to Kansas City), and Dr. Fry will travel either three and a half hours (to Wichita) or almost six hours (to Kansas City) from Garden City. The Court finds that the inconvenience collectively to the non-retained witnesses in *Escalante* of traveling to Kansas City rather than Wichita for trial would have been significantly greater than the inconvenience collectively to the non-retained witnesses in this case of travelling to Kansas City rather than Wichita.

While there is a slight advantage to a Wichita trial for an unspecified number of non-retained witnesses and two treating physicians, the Court finds the marginal improvement in travel times does not rise to the level of substantial inconvenience for a Kansas City trial. Defendants fail to meet their heavy burden with respect to this factor. For these reasons, the Court finds that this factor, the convenience of witnesses, is neutral.

---

[23] *Id.* Defendants also cite *Menefee*, 2009 WL 1313236, at *2, where this Court found the convenience of witnesses factor favored Wichita because the plaintiff and defendant resided in Wichita, the medical procedures took place in Wichita, and the medical devices that were the focus of the plaintiff's products liability claim were used in Wichita. This case is distinguishable from *Menefee* where, had the case not been transferred to Wichita from Kansas City, the majority of witnesses, evidence, and individuals involved in the case would have been travelling from Wichita to Kansas City for trial, whereas here, the majority of witnesses and individuals will be travelling long distances to the forum regardless of whether trial takes place in Wichita or Kansas City.

### C. Accessibility of Witnesses and Other Sources of Proof

Neither party raises concerns about the ability to compel witnesses to testify or issues regarding sources of proof. The Court knows of no reason the parties could not compel witnesses or obtain evidence in either city and therefore gives no weight to this factor.

### D. Fair Trial

Defendants have not argued that they would not receive a fair trial in Kansas City. In response, Plaintiff makes no argument that he would not receive a fair trial in Wichita. The Court knows of no reason the parties could not have a fair trial in either city and therefore gives no weight to this factor.

### E. Other Considerations

Defendants argue all other considerations weigh in favor of a trial in Wichita. Defendants argue transferring the forum to Wichita would reduce the travel burden on Plaintiff, the Defendants, and several defense experts. Plaintiff argues a trial in Wichita is only somewhat more convenient for some witnesses, which is not enough to change the trial location.

It is not for Defendants to concern themselves with the burden on Plaintiff; Plaintiff prefers Kansas City as the location for trial. Here, the location of experts favors Plaintiff, as four of Plaintiff's experts are located in Kansas City and only two of Defendants' experts are located in Wichita. Otherwise, the parties' arguments with respect to Plaintiff and Defendants are merely a continuation of the convenience of witnesses factor. As stated previously, the difference in travel time between Wichita and Kansas City is only marginal for those parties or witnesses residing in Colby or Garden City. Moreover, the district judge assigned to the case and staff are located in Kansas City; thus, the convenience of the Court weighs in favor of a trial in Kansas City. On the

whole, the Court finds that the "other considerations" slightly tip the balance in favor of Kansas City.

Considering all factors, the Court finds Defendants have not met their burden to show that the case should be transferred to Wichita for trial. Thus, the Court finds that Defendants' Motion should be denied.

**IT IS THEREFORE ORDERED THAT** Defendants' Joint Motion for Determination of Place of Trial (ECF No. 109) is DENIED.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of July, 2023.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge