IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY KOEL,

    Plaintiff,

    v.                                      Case No. 2:21-cv-2166-HLT

CITIZENS MEDICAL CENTER, INC., et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Ricky Koel severely injured his right eye while repairing a fence. He went to Citizens Medical Center ("CMCI"), a small rural hospital in Colby, Kansas, for emergency care and treatment. The on-call Emergency Department ("ER") physician evaluated Plaintiff's condition and called an optometrist for consultation. The optometrist then called an ophthalmologist, Dr. Luther Fry. Plaintiff was released from the ER with medication and directions to see Dr. Fry the following morning. Dr. Fry saw Plaintiff and referred him to a retina specialist in Wichita for possible same-day surgery. Plaintiff had the surgery, during which the surgeon diagnosed and repaired an occult ruptured globe. Plaintiff ultimately lost vision in the injured eye. Plaintiff returned to see Dr. Fry one time, which was four days post-surgery.

CMCI and the other defendants endorsed Dr. Fry as a non-retained expert witness. CMCI filed a motion for summary judgment, using Dr. Fry's deposition testimony and affidavit in support. Defendants designate Dr. Fry to provide testimony about (1) the facts of his care and treatment of Plaintiff; (2) his opinions formed as a result of his treatment of Plaintiff; (3) standard of care opinions; (4) whether two other doctors complied with the standard of care; and (5) causation.

Plaintiff moves to exclude the deposition testimony of Dr. Fry and objects to Dr. Fry's affidavit. Docs. 121, 148. Plaintiff argues that Dr. Fry is not a competent witness under Fed. R. Evid. 601 and K.S.A. § 60-419 because he lacks personal knowledge and independent memory of the subject matter. And Plaintiff contends Defendants' expert designations fail to comply with disclosure requirements for retained and specially employed experts. The Court denies Plaintiff's motion and overrules Plaintiff's objection because Dr. Fry is a competent witness with personal knowledge of the subject matter and no expert report was required.

I.   BACKGROUND

Dr. Fry has been an ophthalmologist in western Kansas for nearly fifty years. He saw Plaintiff briefly before and after Plaintiff's eye surgery. The parties deposed Dr. Fry on August 16, 2022. Dr. Fry testified that he did not recall his examination of Plaintiff but that he had reviewed his notes. He explained what his notes meant. Several times Dr. Fry said that he still did not recall the appointments with Plaintiff but that his notes reflected what probably would have been said. Dr. Fry also responded to questions relating to causation and the standard of care.

Defendants deposed Dr. Fry on August 16, 2022. CMCI disclosed Dr. Fry as a non-retained treating expert witness with no written report on November 23, 2022.[1] Doc. 121-2. CMCI provided the subject matter of Dr. Fry's opinions and referred to his deposition transcript. At this time, Plaintiff was on notice of the scope of testimony Dr. Fry intended to offer.

Defendants expect Dr. Fry to testify about the following matters:

> (a) his care, treatment, evaluation and recommendations for Mr. Koel;
> (b) incidental opinions formulated due to his involvement in the care of the patient;

---

[1] The Funk Defendants disclosed Dr. Fry on November 28, 2022. But this date is immaterial for purposes of this motion as it relates to CMCI's summary judgment evidence.

2

> (c) the standard of care for physicians and emergency providers in Western Kansas and Eastern Colorado regarding:
>> (1) appropriate methods/means of consultation regarding follow-up, transfer, or other disposition of eye trauma emergencies,
>> (2) appropriate choice of which physicians from whom to seek consultation regarding follow-up, transfer, or other disposition of eye trauma emergencies, and
>> (3) appropriate decision-making about follow-up, transfer, or other disposition of eye trauma emergencies;
>
> (d) that Dr. Kuhlman complied with the standard of care regarding topics (c)(1)-(3) above; and
>
> (e) causation: that Plaintiff's outcome was not likely to have been changed by any different course of evaluation, consultation, disposition, or treatment.
>
> Regarding each of these opinions and topics of testimony, Dr. Fry is expected to testify consistent with his deposition.

Doc. 121-2 at 3-4; *see also* Doc. 121-3 at 4 (providing a more succinct list of expected testimony). Discovery closed December 30, 2022.

## II.  ANALYSIS

Plaintiff asks the Court to exclude the deposition testimony of Dr. Fry and disregard his affidavit because (1) Dr. Fry is not a competent witness because he lacks personal knowledge of the subject matter and independent recollection of any events or discussions involving Plaintiff; and (2) Dr. Fry testified to expert opinions beyond his care and treatment of Plaintiff without serving a Rule 26(a)(2)(B) report.

### A.  Dr. Fry's Competency as a Witness

Plaintiff first challenges Dr. Fry's competence. This issue is governed by both federal and state law because Plaintiff brings both federal and state-law claims.[2] Fed. R. Evid. 601 ("[I]n a

---

[2] Plaintiff contends Kansas law applies. Doc 121 at 7. Defendants contend federal law applies. Doc. 162 at 2; 159 at 9 (incorporating the arguments of other defendants). Neither side acknowledges the impact of this case including both federal and state-law claims.

3

civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."). But this is a distinction without a difference.

Federal Rule of Evidence 601 provides that every person is competent to be a witness unless otherwise provided by the rules. Stated differently, witnesses are generally competent so long as they have personal knowledge of the facts to which they testify. *United States v. Cook*, 949 F.2d 289, 293 (10th Cir. 1991). Kansas state law similarly requires a witness to have personal knowledge of the subject matter. K.S.A. § 60-419. And a witness must have independent recollection. *Carter v. Carter*, 353 P.2d 499, 503 (Kan. 1960). But refreshing one's recollection by referring to a document is permitted. *Id.*; *see also* Fed. R. Evid. 612. Arguments of competency often are better viewed as arguments of credibility—matters for the jury. *See United States v. Bedonie*, 913 F.2d 782, 799 (10th Cir. 1990).

These same principles apply to submission of an affidavit by a witness. An affidavit supporting summary judgment must be made on personal knowledge, include facts that would be admissible, and show the affiant is competent. Fed. R. Civ. P. 56(c)(4). An affidavit is inadmissible under the personal knowledge standard if "the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006). But an inference of personal knowledge and competence is permissible if the affidavit's context makes it clear that the affiant testifies from personal knowledge. *Ray v. Core Carrier Corp.*, 2021 WL 1196444, at *3 (D. Kan. 2021) (citations omitted).

Plaintiff attacks Dr. Fry's memory and age. Plaintiff contends that Dr. Fry lacks personal knowledge of the subject matter. Plaintiff claims that Dr. Fry testified based solely on the records he reviewed and not based on his own recall. And Plaintiff challenges the way Dr. Fry worded his

4

affidavit to rely on the testimony of the optometrist, Dr. Sam Funk, instead of his own memory. Plaintiff's attacks do not overcome the presumption of competency.

Competency is not a high threshold. Dr. Fry met with Plaintiff twice, several years ago. He testified that he did not remember talking with Dr. Funk on the phone before Plaintiff's first visit. And he did not recall the details of Plaintiff's visits but was able to review his own notes and stated they were consistent with what he would have done. Dr. Fry's memory lapses do not call his competency into question. He participated in Plaintiff's evaluation and therefore has personal knowledge of the subject matter. Likewise, his affidavit demonstrates personal knowledge.

Plaintiff fails to show the Court should disregard Dr. Fry's deposition testimony or affidavit.

### B. Required Expert Disclosures

Plaintiff's second argument presents a slight twist on the first. Plaintiff again attacks Dr. Fry's memory. But this time Plaintiff argues that Dr. Fry was required to comply with the report requirements of Fed. R. Civ. P. 26(a)(2)(B) because his opinions are based on a review of records and information given during his deposition, not on facts made known during his care and treatment of Plaintiff (which Dr. Fry does not recall). Stated differently, Plaintiff contends that Defendants should have disclosed Dr. Fry as a retained or specially employed expert instead of a treating physician. And Plaintiff seeks exclusion of Dr. Fry's opinions about causation and the standards of care because Defendants didn't so-disclose Dr. Fry.

Defendants bear the burden to show Dr. Fry is neither retained nor specially employed. *Thermal Solutions, Inc. v. Imura Int'l U.S.A., Inc.*, 2010 WL 11431472, at *3 (D. Kan. 2010). A treating physician can testify as to causation and other opinions arising out of the patient's treatment without an expert report. *Hildebrand v. Sunbeam Prods., Inc.*, 396 F. Supp. 2d 1241,

1250 (D. Kan. 2005). But a treating physician may be required to comply with Rule 26(a)(2)(B) based on the scope of his testimony. *Sellers v. Butler*, 2006 WL 2714274, at *3-4 (D. Kan. 2006). A treating physician who limits his testimony to what is learned during his patient's care and treatment is not specially retained and may offer opinion testimony under Fed. R. Evid. 702, 703, and 705. *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). Courts consider, in part, whether the treating physician is offering opinions and conclusions that played a role in his care or treatment of the plaintiff. *Kennedy v. United States*, 2008 WL 717851, at *1-2 (D. Kan. 2008).

Defendants maintain that Dr. Fry is a non-retained expert witness, so he only needed to disclose the subject matter and a summary of facts and opinion about which he expects to testify. *Vincent v. Nelson*, 51 F.4th 1200, 1214 (10th Cir. 2022) (citing Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)). This disclosure requirement is intended to "avoid the danger of unfair surprise." *Hayes v. Am. Credit Acceptance, LLC*, 2014 WL 3927277, at *3 (D. Kan. 2014). Dr. Fry's testimony presents no surprise to Plaintiff, as he was deposed well before the disclosure. And Defendants argue that even if Dr. Fry should have disclosed a Rule 26(a)(2)(B) report, Plaintiff waived the right to challenge it because any objections were due within 30 days of November 23, 2022 under D. Kan. R. 37.1(c).

Plaintiff contends his knowledge of Dr. Fry does not substitute for Rule 26 compliance. *See Mehus v. Emporia State Univ.*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004). And he claims that a summary of expected testimony requires more than a representation that a witness will testify consistent with his deposition or medical records. *See Hayes*, 2014 WL 3927277, at *3.

Defendants proffered more than a mere statement that Dr. Fry would testify consistent with his deposition. They outlined a list of five items plus subparts in summarizing Dr. Fry's expected testimony. The Court determines that Dr. Fry's disclosure as a non-retained expert was sufficient.

And all the items arise out of or are related to his treatment of Plaintiff. The only item arguably outside the scope of care is the third: "the standard of care for physicians and emergency providers in Western Kansas and Eastern Colorado." But this case demonstrates the unique needs, customs, and procedures used by health professionals in rural areas. The Court determines that Dr. Fry's testimony in this specialized area still relates to his treatment of Plaintiff. It does not convert him into a retained or specially employed expert who is subject to the more onerous written-report requirements of Fed. R. Civ. P. 26(a)(2)(B). And it seems Plaintiff should have objected to the disclosure within 30 days if Plaintiff believed the scope of Dr. Fry's testimony required an expert report. Plaintiff did not. The Court doesn't rest its decision on Plaintiff's delay. But it would defeat the purpose of resolving discovery and disclosure matters while discovery remains open to allow challenges to disclosures long after there is time to rectify any oversight or error.

For purposes of resolving the EMTALA summary judgment motions, the Court will not strike Dr. Fry's affidavit or disregard his deposition testimony. As Plaintiff acknowledges, this is not a final ruling of what testimony may be admitted at trial.

### III. CONCLUSION

The Court denies Plaintiff's motion to exclude the deposition testimony of Dr. Fry and overrules Plaintiff's objection to Dr. Fry's affidavit. Docs. 121, 148. For purposes of resolving the EMTALA summary judgment motions, Dr. Fry is a competent witness with personal knowledge of the subject matter and no expert report was required.

THE COURT THEREFORE ORDERS that Plaintiff's motion to exclude the deposition testimony and opinions of Dr. Fry (Doc. 120) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's objection to Dr. Fry's affidavit (Doc. 148) is OVERRULED.

IT IS SO ORDERED.


Dated: October 10, 2023                    /s/  *Holly L. Teeter*
                                                                 HOLLY L. TEETER
                                                                 UNITED STATES DISTRICT JUDGE