IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY KOEL,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS MEDICAL CENTER, INC., et al.,<br><br>Defendants. | Case No. 2:21-cv-2166-HLT |

## MEMORANDUM AND ORDER

Plaintiff Ricky Koel severely injured his right eye while repairing a fence. He went to Citizens Medical Center ("CMCI"), a small rural hospital in Colby, Kansas, for emergency care and treatment. Plaintiff received an emergency medical screening from CMCI and was released with directions to see an ophthalmologist the next morning in Garden City, Kansas. The ophthalmologist sent Plaintiff to a retina specialist in Wichita, Kansas, who gave Plaintiff same-day surgery and diagnosed and repaired an occult ruptured globe. Plaintiff ultimately lost vision in the injured eye.

Plaintiff brought state-law medical malpractice claims against CMCI and some of the health care providers involved. He also asserted a federal claim under the Emergency Medical Treatment and Labor Act ("EMTALA") against CMCI. The Court has now granted summary judgment to CMCI on Plaintiff's EMTALA claim. Doc. 178. CMCI and the other defendants move to dismiss the state-law claims without prejudice. Doc. 125. The Court declines to exercise supplemental jurisdiction over the remaining claims and grants Defendants' motion.

The only claims that remain for trial are medical malpractice claims. There is no diversity jurisdiction in this case. The only way the Court maintains jurisdiction over the claims is by

exercising supplemental jurisdiction over the state claims based on the federal claim that is no longer in the case.

A court has discretion to exercise supplemental jurisdiction over state-law claims that derive from "a common nucleus of operative fact" as a pending federal claim. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *see also* 28 U.S.C. § 1367(a). Courts consider whether the values of judicial economy, convenience, and fairness would be served by asserting supplemental jurisdiction over the state-law claims. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013). But a district court may decline supplemental jurisdiction when the claims over which it had original jurisdiction have been dismissed. 28 U.S.C. 1367(c)(3); *see, e.g.*, *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004); *Heffington v. Derby United Sch. Dist. 260*, 2011 WL 5149257, at *3 (D. Kan. 2011). Courts are cautious about exercising supplemental jurisdiction over state-law claims. Notions of comity and federalism weigh in favor of state courts trying their own lawsuits. *Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (citation omitted). Declining supplemental jurisdiction is a matter within a court's discretion. *See Nielander v. Bd. of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009).

Plaintiff's state-law claims arise out of the same common nucleus of operative fact as the federal claims. But beyond that fact, there is little reason to maintain jurisdiction. The remaining claims are better resolved by a state court. Kansas has a vested interest in interpreting and applying its own medical malpractice laws and principles of liability. There are several issues that have been raised by the pending motions relating to Kansas statutes, Kansas agency and vicarious liability law, and Kansas law on the establishment of patient/provider relationships. This Court can dismiss

the state claims without prejudice to allow a Kansas court to resolve them. Notions of comity support allowing Kansas courts to address matters of state law.

Concerns of convenience and fairness also weigh in favor of dismissal. The parties and many witnesses live closer to an appropriate county courthouse than the Kansas City, Wichita, or Topeka federal courthouses. And the Court considers the local interest in the litigation because jury duty is a burden that should not be forced on people of a community who have no connection to the litigation. There is little, if any, meaningful relationship between this lawsuit and the communities of jurors who would be called for a Kansas City trial. The jurors more local to the relevant events and parties seemingly have a much greater connection to and interest in the resolution of this case.

Discovery is complete. A state court will only need to resolve the remaining motions that have been briefed here (which involve state law).[1] It can then proceed directly to trial without significant delay. The Court does not reach the merits of any of the remaining state-law claims.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 125) is GRANTED. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims and DISMISSES them WITHOUT PREJUDICE. The case is closed.

IT IS SO ORDERED.

Dated: October 10, 2023           /s/  *Holly L. Teeter*
                                  HOLLY L. TEETER
                                  UNITED STATES DISTRICT JUDGE

---

[1] These motions are: Docs. 114, 116, 118, 131, 133, 136, 138, and 140.